# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Paducah Division

| | | |
|---|---|---|
| Stan Evans | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.   5:13-CV-49-R |
| | ) | |
| LVNV Funding, LLC. | ) | |
| *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
| | ) | |
| The Corporation Trust Co. | ) | |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, DE 19801 | ) | |
| | ) | |
| Richard J. Boudreau & Assoc., LLC | ) | |
| *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
| | ) | |
| Richard J. Boudreau | ) | |
| 77 Main Street | ) | |
| Andover, MA 01801 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.      Sometime in 2004, Mr. Evans opened a credit card with Bank of America. Like many Americans, Mr. Evans fell on hard economic times as result of the Great Recession that began in 2008. Consequently, Mr. Evans defaulted on his Bank of America credit card in September of 2009. Bank of America later charged off the credit card debt and sold it to LVNV. In May of 2012, Boudreau called Mr. Evans in attempt to collect the Bank of America debt on behalf of LVNV. Boudreau falsely threatened to sue Mr. Evans to collect the debt if he did not immediately pay $10,000. Mr. Evans then sent timely debt-validation and cease-and-desist letters

under the FDCPA to both LVNV and Boudreau in connection Boudreau's attempt to collect the Bank of America credit card debt. Neither LVNV nor Boudreau responded to the debt validation letters. Still, LVNV continued to attempt to collect the debt, which was transferred from Boudreau to Brachfeld for collection. In December of 2012, Brachfeld called Mr. Evans in an attempt to collect the same Bank of America debt on behalf of LVNV. Brachfeld claimed that thousands of dollars more was due on the debt than was due on the debt when Bank of America charged it off. Like Boudreau, Brachfeld also falsely threatened to sue Mr. Evans if he did not pay the debt. At the time that Brachfeld called Mr. Evans, the Bank of America credit card debt was passed the applicable statute of limitations.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4.      Plaintiff, Stan Evans, is a natural person who resides in Trigg County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.      Defendant, LVNV Funding, LLC ("LVNV"), is a foreign limited liability company, which is not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. LVNV's principal place of business is Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

6.      LVNV regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

7.      Richard J. Boudreau & Assoc., LLC ("Boudreau") is a foreign limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other debt collectors such as LVNV. Boudreau's principal place of business is 50 Tower Office Park, Woburn, MA 01801

8.      Boudreau is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9.      On or about May 10, 2012, an employee, agent, or representative Richard J. Boudreau & Assoc., LLC named "Lance" called Mr. Evans in an attempt to collect a debt.

10.     Lance told Mr. Evans that LVNV purchased an alleged debt that Mr. Evans originally owed to Bank of America.

11.     Lance threatened to immediate litigation against Mr. Evans if he did not pay LVNV $10,000 on this debt.

12.     On May 11, 2012, undersigned counsel mailed debt-validation and verification letters under 15 U.S.C. 1692g to both Boudreau and LVNV. (Copies of these letters are attached as exhibit "A" to the Complaint).

13.     Both debt-validation letters included the following:

> I also expect and demand that you cease and desist from any further contact directly with Mr. Evans and that any further contact is made to me directly as Mr. Evans's counsel.

14.     To date, neither LVNV nor Boudreau has responded to the May 11, 2012 debt-validation letters.

15.     On May 17, 2012, Lance, on behalf of Boudreau, called undersigned counsel and informed counsel that compliance with the debt-validation letter would mean that LVNV and/or Boudreau would no longer discuss settlement or compromise of the debt with Mr. Evans. (A letter memorializing this conversation with Lance is attached as Exhibit "B" to the Complaint).

16.     Lance then asked counsel if really wanted Boudreau to comply with the request that the debt be validated.

17.     Contrary to Boudreau's threat of immediate litigation, neither Boudreau nor LVNV brought suit against Mr. Evans.

18.     Rather than bring suit, the debt was transferred to Brachfeld.

19.     On or about December 27, 2012, an employee, agent, or representative of The Brachfeld Law Group, PC called Mr. Evans in an attempt to collect the same debt to Bank of America that Boudreau attempted to collect from Mr. Evans in May of 2012.

20.     Like Boudreau, the Brachfeld employee, agent, or representative threatened litigation against Mr. Evans if he did not immediately make arrangements to pay the debt.

21.     Mr. Evans told the Brachfeld employee, agent, or representative that he was represented by counsel.

22.     Someone from Brachfeld then called undersigned counsel and sent counsel a dunning letter addressed to Mr. Evans. (A copy of Brachfeld's dunning letter dated 12/27/12 is attached as an Exhibit "C" to the Complaint).

23.     Brachfeld's December 27th letter claims that $30,286.22 was due on the Bank of America debt, which is several thousand dollars more than was owed on the debt when Bank of America charged off the debt.

24.     Mr. Evans used his Bank of America credit card for personal and household purposes, making LVNV's, Boudreau's, and Brachfeld's attempts to collect a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

25.     Bank of America credit cards are in fact owned and serviced by a national bank called "FIA Card Services, N.A." ("FIA").

26.     FIA's headquarters are in Wilmington, Delaware.

27.     The statute of limitations for collection of credit card debt under Delaware law is three years.

29.     FIA's and hence LVNV's cause of action against Mr. Evans accrued in Delaware.

29.     Delaware's statute of limitations applies to LVNV's cause of action against Mr. Evans pursuant to Kentucky's borrowing statute, KRS 413.320.

30.     The statute of limitations began to run on the Bank of America/FIA credit card no later than September of 2009 when the account was closed.

31.     Consequently, the applicable statute of limitations was a complete bar to any legal claim LVNV had against Mr. Evans to collect the Bank of America credit card debt.

32.     Upon information and belief, the sale of Mr. Evans' Bank of America/FIA credit card debt to LVNV did not include the transfer of any contract rights, including a right to charge interest on the debt.

**Claims for Relief: Violation of the Fair Debt Collection Practices Act**

33.     The foregoing acts and omissions of LVNV constitute violations of the FDCPA, including, but not limited to:

(a)     Violation of 15 U.S.C. § 1692f(1): LVNV attempted to collect a not authorized by agreement or permitted by law by, including but not limited to, (i) demanding thousands of dollars interest without a legal or contractual basis for collecting interest, and (ii) threatening to sue Mr. Evans to collect a debt that was passed the applicable statute of limitations;

(b)     Violation of 15 U.S.C. § 1692e(5): LVNV "threat[ened] to take any action that cannot legally be taken or that is not intended to be taken" by, including but not limited to, (i) falsely threatening to sue Mr. Evans to collect a debt and (ii) threatening to sue him to collect a debt that was passed the applicable statute of limitations;

(c)     Violation of 15 U.S.C. § 1692e(2)(A): LVNV falsely representing the character, amount, and/or legal status of the debt upon by including but not to limited to demanding and including thousands of dollars in interest on claim on which it had no right to charge interest;

-4-

(d)     Violation of 15 U.S.C. § 1692g: After receipt of Mr. Evans timely debt-dispute letter, LVNV continued to attempt to collect a debt from Mr. Evans without responding to the debt-validation letter and continued to contact him despite Mr. Evans clear demand that LVNV cease and desist from contacting in connection with collecting the Bank of America/FIA credit card debt; and

(e)     Violation of 15 U.S.C. 1692c(a)(2): Despite being on clear and plain notice that Mr. Evans was represented by counsel in connection with the Bank of America/FIA credit card debt, LVNV continued to directly contact Mr. Evans directly in an attempt to collect that debt.

34.     The foregoing acts and omissions of Boudreau constitute violations of the FDCPA, including, but not limited to:

(a)     Violation of 15 U.S.C. § 1692f(1): Boudreau attempted to collect a not authorized by agreement or permitted by law by, including but not limited to, (i) demanding thousands of dollars interest without a legal or contractual basis for collecting interest, and (ii) falsely threatening to sue Mr. Evans to collect a debt;

(b)     Violation of 15 U.S.C. § 1692e(5): Boudreau "threat[ened] to take any action that cannot legally be taken or that is not intended to be taken" by, including but not limited to, falsely threatening to sue Mr. Evans to collect a debt;

(c)     Violation of 15 U.S.C. § 1692e(2)(A): Boudreau falsely representing the character, amount, and/or legal status of the debt upon by including but not to limited to demanding and including thousands of dollars in interest on claim on which it had no right to charge interest; and

(d)     Violation of 15 U.S.C. § 1692f and 15 U.S.C. § 1692e: Boudreau refused to settle or compromise the Bank of America/FIA credit card debts if Mr. Evans insisted on his exercising his statutory right to have Boudreau validate the debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Stan Evans, requests that the Court grant the following relief:

1.     Award Plaintiff actual damages;

2.     Award Plaintiff statutory damages;

3.     Award Plaintiff reasonable attorney's fees and costs

4.     A trial by jury; and

5.     Such other relief as may be just and proper.

Respectfully Submitted,

_____

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com